**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CAPSON CORP. | § | Case No. 19-10890-hcm |
| | § | |
| CAPSON PHYSICIANS INSURANCE | § | Case No. 19-10893-hcm |
| AGENCY, INC. | § | |
| | § | |
| CAPSON HEALTHCARE SERVICES, INC. | § | Case No. 19-10894-hcm |
| | § | Chapter 11 |
| Jointly Administered Debtors. | § | (*Jointly Administered Under* |
| | § | *Case No. 19-10890-hcm*) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
<u>**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**</u>

<u>**Introduction**</u>

On July 3, 2019 (the "***Petition Date***"), Capson Corp. ("***Capson Corp.***") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "***Debtor***," collectively, the "***Debtors***") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the Western District of Texas (the "***Bankruptcy Court***").

Matthew Downs is the President of the Debtors and has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Downs has relied upon the information in the books and records of the Debtors. Mr. Downs has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These *Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in and comprise an integral part of each of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"),

nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Thus, the Debtors are unable to warrant or represent the Schedules and Statements are without inadvertent errors, omissions or inaccuracies. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update, amend or supplement the Schedules and Statements, but reserve the right to do so.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses and/or causes of action arising under, *inter alia*, the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed or designated.

On July 15, 2019, the Bankruptcy Court entered an *Order Granting Motion for Joint Administration* directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 9].

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of March 31, 2019. Market values of these assets may vary, at some times materially, from the net book value of such assets. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets which have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Personal Property – Leased**. In the ordinary course of business, the Debtors may lease furniture, fixtures, and office equipment from certain third-party lessors for use in the daily operation of their businesses. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

**Recharacterization**. Notwithstanding the Debtors' commercially reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate as they determine in their sole and absolute discretion.

The liabilities listed on the Schedules do not reflect any analysis of claims pursuant to Bankruptcy Code Section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Bankruptcy Code Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); (e) persons in control; and (f) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Classifications**. Listing a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**. Schedules D and E/F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action which are expressly reserved.

**Employee Addresses**. Employee addresses, if any, have been removed from entries listed on Schedules E/F and G. These addresses are available upon request of the Office of the United States Trustee and the Bankruptcy Court.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

      a.    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.      Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.      Liens. Property, inventory and equipment listed in the Schedules may be presented without consideration of any liens that may attach (or have attached) to such property and equipment.

d.      Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B**. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Unless indicated otherwise, asset values described in Schedule A/B are representative of values reflected on the Debtors' March 31, 2019 balance sheet.

**Schedule A/B3**. The Debtors cash account values for the checking accounts maintained with Bank of America and JPMorgan Chase reflect the Debtors' balances as of July 15, 2019 and July 3, 2019, respectively.

**Schedule A/B8**. The amount paid as retainer to Waller, Lansden, Dortch & Davis, LLP is as of June 30, 2019.

**Schedule A/B11**. The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B11, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule A/B11, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedules A/B14 and A/B15**. Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules A/B14 and A/B15 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule A / B, Part 5**. Unless otherwise stated in a specific Debtor's Schedule A/B, Part 5, book value is presented net of inventory reserves.

**Schedules A/B39-41 and A/B50**. For purposes of Schedules A/B39-41 and A/B50, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedules A/B39-41 and A/B50.

**Schedule A/B75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, or refunds with various parties. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counter-claims as a defendant. To the extent such rights are known and quantifiable, they are listed on Schedule A / B75; however, any such rights which are unknown to the Debtors or not quantifiable as of the Petition Date are not listed on Schedule A/B75.

**Schedule E/F, Part 1**. The claims listed on Schedule E/F, Part 1 arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E/F, Part 1, however, appear to have arisen or to have been incurred before the Petition Date.

**Schedule E/F, Part 2**. The Debtors have used their commercially best reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F, Part 2 does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the extent they are known, Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F, Part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such

as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts or unexpired leases becomes available. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature have not been included on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

036521-96441/4817-9124-1628.6

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

**Schedule H**. For purposes of Schedule H, the Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F, Part 2 and Statement 4a, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The amounts listed in Statement 1 reflect the revenue for the fiscal years 2017, 2018 and the year to date portion of fiscal year 2019 of each Debtor as such amount is calculated in the Debtors' records.

**Statement 7**. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule E/F, Part 2 for the applicable Debtor. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 11**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Capson Corp. and are therefore listed on Capson Corp.'s response to Statement 11.

*[Remainder of page intentionally left blank.]*

036521-96441/4817-9124-1628.6

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Capson Corp.** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF TEXAS |
| Case number (if known) | **19-10890** |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **July 18, 2019** | X **/s/ Matthew Downs** |
| | | Signature of individual signing on behalf of debtor |
| | | **Matthew Downs** |
| | | Printed name |
| | | **President** |
| | | Position or relationship to debtor |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Capson Corp.**

United States Bankruptcy Court for the:    WESTERN DISTRICT OF TEXAS

Case number (if known)    **19-10890**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

| Part 1: | Summary of Assets |
|---|---|

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

      **1a. Real property:**
   Copy line 88 from *Schedule A/B*...................................................................................    $      **0.00**

      **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................    $      **9,397,696.04**

      **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*...................................................................................    $      **9,397,696.04**

| Part 2: | Summary of Liabilities |
|---|---|

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................    $      **0.00**

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

      **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................    $      **0.00**

      **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................    +$      **1,861,702.00**

4.   Total liabilities ....................................................................................................................
   Lines 2 + 3a + 3b    $      **1,861,702.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Capson Corp.**

United States Bankruptcy Court for the: WESTERN DISTRICT OF TEXAS

Case number (if known) **19-10890**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property               **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Bank of America** | **Checking** | **3955** | **$4,191,559.00** |
| 3.2. | **JPMorgan Chase & Co.** | **Checking** | **7064** | **$18,137.04** |

4.  **Other cash equivalents** *(Identify all)*

5.  **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| **$4,209,696.04** |
| --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7.  **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1. | **Sublease Deposit** | **Unknown** |
| --- | --- | --- |

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

| Debtor | **Capson Corp.** | Case number *(If known)* **19-10890** |
|---|---|---|
| | Name | |

| 8.1. | **Retainer to Waller Lansden Dortch & Davis, LLP** | **$185,000.00** |
|---|---|---|

| 9. | **Total of Part 2.** | **$185,000.00** |
|---|---|---|
| | Add lines 7 through 8. Copy the total to line 81. | |

**Part 3:    Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☒ No.  Go to Part 4.
☐ Yes Fill in the information below.

**Part 4:    Investments**

13. **Does the debtor own any investments?**

☒ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
☒ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** **Desks, Chairs, Conference Tables** | **$0.00** | | **Unknown** |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** **Computer equipment** | **$0.00** | | **$3,000.00** |

42.   **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork;
books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card
collections; other collections, memorabilia, or collectibles

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **Capson Corp.** | Case number *(If known)* **19-10890** |
|---|---|---|
| | Name | |

**43.**    **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$3,000.00

**44.**    **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No
☐ Yes

**45.**    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes Fill in the information below.

**55.**    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    **Sublease at 2901 Via Fortuna, Suite 510, Austin, TX 78746** | **Sublease effective 9/27/17 expires 2/15/23** | **$0.00** | | **Unknown** |

**56.**    **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57.**    **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No
☐ Yes

**58.**    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes Fill in the information below.

| Debtor | **Capson Corp.** | | Case number *(If known)* **19-10890** |
|---|---|---|---|
| | Name | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** **Trademark: Capson (Serial# 85763866; Reg# 4353861** | $0.00 | | Unknown |
| **Trademark: C image in Capson logo (Serial# 85812324; Reg# 4461222)** | $0.00 | | Unknown |
| **Trademark: QuickClick Coverage (Serial# 85981317; Reg# 4516492)** | $0.00 | | Unknown |

61. **Internet domain names and websites**

62. **Licenses, franchises, and royalties**

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | $0.00 |
|---|---|

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**

■ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No
☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**
**Owner of Nationwide Individual Flexible Premium Adjustable Universal Life Insurance Policy dated 2/9/17 Maury Magids  - Insured**

| | $5,000,000.00 |
|---|---|

| Debtor | **Capson Corp.** | Case number *(If known)* | **19-10890** |
|---|---|---|---|
| | Name | | |

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.  **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$5,000,000.00

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Capson Corp.** | Case number *(If known)* **19-10890** |
|---|---|---|
| | Name | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $4,209,696.04 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $185,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $3,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..........................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $5,000,000.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $9,397,696.04 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $9,397,696.04 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Capson Corp.**__

United States Bankruptcy Court for the: __WESTERN DISTRICT OF TEXAS__

Case number (if known) __**19-10890**__

☐ Check if this is an
   amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name  **Capson Corp.**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known)  **19-10890**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:  List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| | | **$0.00** | **$0.00** |

**2.1**
Priority creditor's name and mailing address
**Jay Staub**
**7006 N. Janmar Drive**
**Dallas, TX 75230**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Consulting contract (terminated 5/17/19)**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4)

### Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

**3.1**
Nonpriority creditor's name and mailing address
**A. Craig Eiland**
**1220 Colorado Street, Suite 300**
**Austin, TX 78701**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  **Contract**

Is the claim subject to offset?  ■ No  ☐ Yes

Amount of claim: **Unknown**

**3.2**
Nonpriority creditor's name and mailing address
**Amazon Web Servicing**
**1200 12th Avenue S., Suite 1200**
**Seattle, WA 98112-3533**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset?  ■ No  ☐ Yes

Amount of claim: **Unknown**

| Debtor | **Capson Corp.** | | Case number *(if known)* | **19-10890** |
|---|---|---|---|---|
| | Name | | | |

---

**3.3** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Aspen HIC, LP**
**2509 Tarryhill Place**
**Austin, TX 78703**

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Contract**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Buddy Patten**
**210 Lavaca Street #3406**
**Austin, TX 78701**

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Contract**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.5** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Capson Finance 2018**
**4407 Bee Cave Road, Suite 421**
**Austin, TX 78746**

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Contract**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,851,702.00**
**Capson Physicians Insurance Company**
**2901 Via Fortuna, Suite 510**
**Austin, TX 78746**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Intercompany Payable**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.7** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Carlos Mauricio Padilla**
**2503 Zennor Court**
**Cedar Park, TX 78613**

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Contract**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.8** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Copier Depot**
**12307 Roxie Drive, #105**
**Austin, TX 78729**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.9** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**
**Dan Jensen**
**2201 S. Lakeline Blvd. #2307**
**Cedar Park, TX 78613**

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **Contract**

Is the claim subject to offset? ☑ No ☐ Yes

---

| Debtor | **Capson Corp.** | Case number (if known) | **19-10890** |
|---|---|---|---|
| | Name | | |

---

**3.10** | Nonpriority creditor's name and mailing address
**David A. Nelson**
**8004 Danforth Cove**
**Austin, TX 78746**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Contract**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.11** | Nonpriority creditor's name and mailing address
**DBMK Partners Ltd.**
**c/o Interlilne Vacations**
**12708 Riata Vista Circle, Suite A125**
**Austin, TX 78727**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Contract**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.12** | Nonpriority creditor's name and mailing address
**Dwyer Murphy Calvert LLP**
**1301 West 25th Street, Suite 560**
**Austin, TX 78705**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Professional Services Rendered**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.13** | Nonpriority creditor's name and mailing address
**Echo Ridge Partners**
**P.O. Box 44753**
**Madison, WI 53744**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.14** | Nonpriority creditor's name and mailing address
**Enoch Kever**
**5918 W. Courtyard Drive, Suite 500**
**Attn: Gary Zausmer**
**Austin, TX 78730**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Legal services**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.15** | Nonpriority creditor's name and mailing address
**Estate of Maury Magids**
**3627 Stoneridge Road #3**
**Austin, TX 78747**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Contract**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.16** | Nonpriority creditor's name and mailing address
**Jay Staub**
**7006 N. Janmar Drive**
**Dallas, TX 75230**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                    **Unknown**

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Contract**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Capson Corp.** | Case number (if known) | **19-10890** |
|---|---|---|---|
| | Name | | |

**3.17** | Nonpriority creditor's name and mailing address
**Ketterman & Ketterman Holdings**
**701 Brazos Street, Suite 701**
**Austin, TX 78701**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  **Contract**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.18** | Nonpriority creditor's name and mailing address
**Lynn Staub**
**7006 N. Janmar Drive**
**Dallas, TX 75230**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  **Contract**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.19** | Nonpriority creditor's name and mailing address
**Matthew Ohayer**
**2309 South 4th Street**
**Austin, TX 78704**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  **Contract**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.20** | Nonpriority creditor's name and mailing address
**Milliman**
**500 Dallas Street, Suite 2550**
**Houston, TX 77002**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services Rendered**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.21** | Nonpriority creditor's name and mailing address
**MyITpros**
**8309 Cross Park Drive**
**Austin, TX 78754**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$0.00**

---

**3.22** | Nonpriority creditor's name and mailing address
**Rackspace**
**1 Fanatical PLace**
**City of of Windcrest**
**San Antonio, TX 78218**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.23** | Nonpriority creditor's name and mailing address
**Sandra Coultress Wilson**
**P.O. Box 161447**
**Austin, TX 78716**

Date(s) debt was incurred  **6/25/19 to 7/24/19**
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Consulting fees**

Is the claim subject to offset? ■ No ☐ Yes

**$10,000.00**

| Debtor | **Capson Corp.** | Case number *(if known)* | **19-10890** |
|---|---|---|---|
| | Name | | |

---

**3.24** | Nonpriority creditor's name and mailing address

**Spectrum**
**60 Columbus Circle**
**New York, NY 10023**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.25** | Nonpriority creditor's name and mailing address

**Thompson Coe, Cousins & Irons, LLP**
**701 Brazos, Suite 1500**
**Attn: Jay Thompson**
**Austin, TX 78701**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services Rendered**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.26** | Nonpriority creditor's name and mailing address

**TR Terrace LP**
**5950 Sherry Ln., Ste. 700**
**Dallas, TX 75225**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                                    **Unknown**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Sublease**

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.27** | Nonpriority creditor's name and mailing address

**Walter Robb 2015 Family Trust**
**1410 El Centro Avenue**
**Napa, CA 94558-1945**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*                                    **Unknown**

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  **Contract**

Is the claim subject to offset? ■ No  ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Cantilo & Bennett, L.L.P.**<br>**Attn: Michael P. Marcin**<br>**11401 Century Oaks Terrace, Suite 300**<br>**Austin, TX 78758** | Line  **3.6**<br><br>☐  Not listed. Explain ___ | _ |
| 4.2 | **Greg Pierce**<br>**P.O. Box 40**<br>**Austin, TX 78767** | Line  **3.6**<br><br>☐  Not listed. Explain ___ | _ |
| 4.3 | **TIER REIT, INC.**<br>**c/o Property Manager**<br>**2901 Via Fortuna**<br>**Ste. P1.100**<br>**Austin, TX 78746** | Line  **3.26**<br><br>☐  Not listed. Explain ___ | _ |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | | 5a. | $                    0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

Debtor    **Capson Corp.**

Name

Case number (*if known*)    **19-10890**

| | | |
|---|---|---|
| **5b. Total claims from Part 2** | 5b. + $ | **1,861,702.00** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | **1,861,702.00** |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>Capson Corp.</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>WESTERN DISTRICT OF TEXAS</td></tr>
<tr><td>Case number (if known)</td><td><strong>19-10890</strong></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

2.1. State what the contract or lease is for and the nature of the debtor's interest
**Web Services agreement**
State the term remaining
List the contract number of any government contract
**Amazon Web Servicing
1200 12th Avenue S., Suite 1200
Seattle, WA 98112-3533**

2.2. State what the contract or lease is for and the nature of the debtor's interest
**Sublease Agreement dated 9/21/17 of office space at 2901 Via Fortuna, Suite 510, Austin, Texas 78746 Expires 2/15/2023**
State the term remaining
List the contract number of any government contract
**Bowman and Brooke LLP
150 South Fifth Street, Suite 3000
Attn: Gregg Steiger
Minneapolis, MN 55402**

2.3. State what the contract or lease is for and the nature of the debtor's interest
**Agreement for the Provision of Services, Personnel and Other Resources**
State the term remaining
List the contract number of any government contract
**Capson Physicians Insurance Company
2901 Via Fortuna, Suite 510
Austin, TX 78746**

2.4. State what the contract or lease is for and the nature of the debtor's interest
**Rental agreement**
State the term remaining
List the contract number of any government contract
**Copier Depot
12307 Roxie Drive, #105
Austin, TX 78729**

| Debtor 1 | **Capson Corp.** | | | Case number *(if known)* | **19-10890** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

 **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **iCatalyst Software License Agreement** | |
|---|---|---|---|
| | State the term remaining | **4/9/2020 - Automatic annual renewal unless terminated** | **Echo Ridge Partners P.O. Box 44753 Madison, WI 53744** |
| | List the contract number of any government contract | | |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Human Resources Services** | |
|---|---|---|---|
| | State the term remaining | | **G&A Partners 17220 Katy Fwy., Ste. 350 Houston, TX 77094** |
| | List the contract number of any government contract | | |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Virtual desktop network** | |
|---|---|---|---|
| | State the term remaining | | **MyITpros 8309 Cross Park Drive Austin, TX 78754** |
| | List the contract number of any government contract | | |

| 2.8. | State what the contract or lease is for and the nature of the debtor's interest | **Postage Services Agreement** | |
|---|---|---|---|
| | State the term remaining | | **Pitney Bowes c/o CT Corporation System 67 Burnside Ave. East Hartford, CT 06108-3408** |
| | List the contract number of any government contract | | |

| 2.9. | State what the contract or lease is for and the nature of the debtor's interest | **Internet Services Agreement** | |
|---|---|---|---|
| | State the term remaining | **Month-to-month** | **Rackspace 1 Fanatical Place City of of Windcrest San Antonio, TX 78218** |
| | List the contract number of any government contract | | |

| 2.10. | State what the contract or lease is for and the nature of the debtor's interest | **Internet provider** | |
|---|---|---|---|
| | State the term remaining | | **Spectrum 60 Columbus Circle New York, NY 10023** |

| Debtor 1 | **Capson Corp.** | | | Case number *(if known)* | **19-10890** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| List the contract number of any government contract _____ | |

| 2.11. | State what the contract or lease is for and the nature of the debtor's interest | **Consent to Sublease Agreement dated 9/29/17 - sublease of office space at 2901 Via Fortuna, Suite 510, Austin, Texas 78746** | |
|---|---|---|---|
| | State the term remaining | **Expires 2/15/2023** | **TR Terrace LP** |
| | List the contract number of any government contract | _____ | **5950 Sherry Ln., Ste. 700** **Dallas, TX 75225** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **Capson Corp.**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known)  **19-10890**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **Bowman and Brooke, LLP** | **150 South Fifth Street, Ste. 3000 Attn: Gregg Steiger Minneapolis, MN 55402** | **TR Terrace LP** | ☐ D _____ <br> ☐ E/F _____ <br> ■ G __2.11__ |

<table>
<tr><td colspan="2" style="background:black;color:white"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor name</td><td><b>Capson Corp.</b></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>WESTERN DISTRICT OF TEXAS</td></tr>
<tr><td>Case number (if known)</td><td><b>19-10890</b></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
**04/19**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1: Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   | --- | --- | --- |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   | --- | --- | --- |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   | --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   | --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor | **Capson Corp.** | Case number *(if known)* | **19-10890** |
|---|---|---|---|

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **State of Texas v. Capson Corporation, et al.,**<br>**D-1-GN-19-003720** | **Petition to Appoint Liquidator and for Injunctive Relief** | **126th Judicial Dist. of Travis County TX**<br>**1000 Guadalupe St.**<br>**Austin, TX 78701** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:**   **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**   **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:**   **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

| Debtor | **Capson Corp.** | | Case number *(if known)* | **19-10890** |

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Waller Lansden Dortch & Davis**<br>**511 Union Street**<br>**Suite 2700**<br>**Nashville, TN 37219** | | **4/26/19** | **$15,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |
| 11.2. | **Waller Lansden Dortch & Davis**<br>**511 Union Street**<br>**Suite 2700**<br>**Nashville, TN 37219** | | **5/10/19** | **$20,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |
| 11.3. | **Waller Lansden Dortch & Davis**<br>**511 Union Street**<br>**Suite 2700**<br>**Nashville, TN 37219** | | **6/28/19** | **$150,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
   Do not include transfers already listed on this statement.

   ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

   ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

| Debtor | **Capson Corp.** | Case number *(if known)* | **19-10890** |
|---|---|---|---|

---

**Part 7:** **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:** **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:** **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Capson Corp.** | | Case number *(if known)* | **19-10890** |
|---|---|---|---|---|

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:** Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Debtor | **Capson Corp.** | | Case number *(if known)* | **19-10890** |
|---|---|---|---|---|

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

| Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com |

Debtor    **Capson Corp.**                                              Case number *(if known)*  **19-10890**

---

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
| | |

---

**Part 14:**  **Signature and Declaration**

---

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 18, 2019**

**/s/ Matthew Downs**                                   **Matthew Downs**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes